KAEMPFER CROWELL
Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: rthompson@kcnvlaw.com
Email: rlower@kcnvlaw.com

Attorneys for Defendant
Amazon Content Services, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAYE E. MANCINI, an individual, | Case No. |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| AMAZON CONTENT SERVICES, LLC., a Foreign Limited-Liability Company; CSC SERVICES OF NEVADA, INC., a Domestic Corporation; DOE INDIVIDUAL TREADMILL MANUFACTURERS, I through X, inclusive; ROE ENTITY TREADMILL MANUFACTURERS, I through X, inclusive; DOE INDIVIDUAL TREADMILL DISTRIBUTORS, I through X, inclusive; ROE ENTITY TREADMILL DISTRIBUTORS, I through X, inclusive; DOE INDIVIDUAL TREADMILL WHOLESALERS, I through X, inclusive; through X, inclusive; ROE ENTITY TREADMILL WHOLESALERS, I through X, inclusive; DOE INDIVIDUAL TREADMILL RETAILERS, I through X, inclusive; ROE ENTITY TREADMILL RETAILERS, I through X, inclusive; DOE INDIVIDUALS, I through X, | |

KAEMPFER

CROWELL

inclusive; ROE ENTITIES, I through X, inclusive;

Defendants.

Defendant Amazon Content Services, LLC ("Amazon"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Eighth Judicial District Court for Clark County, Nevada, to the United States District Court for the District of Nevada, unofficial Southern Division, based on diversity of citizenship and amount in controversy. Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## I.    INTRODUCTION

Plaintiff Jaye E. Mancini ("Plaintiff") filed this action on December 19, 2025, in the Eighth Judicial District Court in Clark County, Nevada, Case Number A-25-935535-C. (*See* Ex. A, Docket (last accessed January 27, 2026)).

Plaintiff alleges the UREVO treadmill (the "Product") she purchased from Amazon's store caused her "significant personal injuries" resulting from three separate incidences (two incidents on December 20, 2023 and one incident "in September of 2024") where the treadmill "abruptly stopped." (Ex. B, Compl. ¶¶ 6–11). She alleges the injuries caused her "great pain of body and mind, including serious and painful physical injuries to Plaintiff, as well as shock and injury to Plaintiff's nervous system entailing mental stress, anxiety, and anguish, all or some of which conditions may be permanent and disabling in nature . . ." (*Id*. at ¶¶ 19, 26, 34). Plaintiff asserts claims against Amazon for Negligence, Strict Liability, and Breach of Warranties. (*See id.*). Plaintiff also named CSC Services of Nevada, Inc. ("CSC Services of Nevada"), as a defendant. (*See id.*).

KAEMPFER
CROWELL

## II.   REMOVAL IS PROPER

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.   There is complete diversity among parties.

Diversity is determined by the citizenship of the parties at the time the original complaint was filed, and complete diversity must exist at the time of removal. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (citing *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998)); *Grancare, LLC*, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.").

Plaintiff is a resident and citizen of Nevada. (Ex. B, Compl. ¶ 1).

Defendant Amazon Content Services, LLC is a limited liability company organized under the laws of Delaware. Its sole member is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington state. "[A] limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Therefore, Amazon Content Services, LLC is a citizen of Delaware and Washington.

The various Doe and Roe defendants do not affect jurisdiction because "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th

KAEMPFER

CROWELL

Cir. 2002) (noting "[t]he citizenship of fictitious defendants is disregarded for removal purposes" and affirming finding of diversity); *Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1023 (S.D. Cal. 2021) ("[T]his Court joins the other courts within this District in finding that the citizenship of doe defendants, regardless of the detail or specificity with which it is alleged, must be disregarded when determining whether complete diversity exists on a motion to remand . . . ").

Likewise, the citizenship of defendant CSC Services of Nevada does not affect jurisdiction because that entity is fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (a fraudulently joined defendant's citizenship is ignored for determining diversity of citizenship). In a telephone call between the attorneys for Amazon and Plaintiff on January 21, 2026, Plaintiff's counsel indicated the inclusion of "CSC Services of Nevada, Inc." was a mistake and that Plaintiff would file an amended complaint to omit CSC Services of Nevada as a defendant. (Ex. C, Decl. of Counsel at ¶ 4). This mistake seemed to arise from the fact that Amazon's commercial registered agent, Corporation Service Company, uses the acronym "CSC" (www.cscglobal.com), and—instead of simply being served the Complaint as the registered agent for Amazon—was named as a defendant. *See id.* Moreover, the Nevada Secretary of State's online business portal shows that CSC Services of Nevada filed its last "Annual List" on October 3, 2018 and filed a "Merge Out" on June 5, 2019. *Id.* at ¶ 6. The entity does not appear to have been viable or conducting business in Nevada for at least five years. *See id.* In any event, CSC Services of Nevada has no conceivable relationship to Plaintiff's claims for an allegedly defective treadmill purchased from Amazon's store. Because CSC Services of Nevada is factually uninvolved and "cannot be liable on any

theory," it is fraudulently joined and its citizenship must be ignored for determining diversity jurisdiction. *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).

Accordingly, there is complete diversity as required for subject matter jurisdiction under 28 U.S.C. § 1332.

**B.    The amount in controversy exceeds $75,000.**

A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $75,000. *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 89 (2014). District courts are permitted to make reasonable deductions, reasonable inferences, and other reasonable extrapolations from the documents submitted in support of removal and the Court may use its judicial experience and common sense in determining if a case meets the federal jurisdictional requirements. *See e.g., Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (a "district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). It may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the "complaint does not claim a specific amount in damages." *Id.*

Plaintiff alleges that three separate incidences with the Product caused her "significant personal injuries." (Ex. B, Compl. ¶¶ 6–11). She alleges "great pain of body and mind, including serious and painful physical injuries to [her], as well as shock and injury to [her] nervous system entailing mental stress, anxiety, and anguish, all or some of which conditions may be permanent and disabling in nature . . ." (*Id.* at ¶¶ 19, 26, 34). For each of her three causes of action, Plaintiff seeks "damages in excess of $15,000"; "Damages for costs of medical care and treatment,

KAEMPFER

CROWELL

past and future"; Damages for loss of income and earning capacity, past and future";

Prejudgment interest, attorney's fees, and costs of suit incurred herein"; and "other

and further relief as the Court may deem just and proper." (*Id.* at pp. 8–9).

Considering the injuries she contends she incurred, it is apparent from the face of

Plaintiff's complaint that her total requested damages likely exceed $75,000. *See*

*Ballard v. Best Buy Stores, L.P.*, No. 2:14-CV-2058-JCM-PAL, 2015 WL 357112,

at *3 (D. Nev. Jan. 27, 2015) (denying plaintiff's motion to remand and finding it

appeared likely that plaintiff's total requested damages exceeded $75,000 where she

characterized her injuries as permanent and disabling and requested multiple

categories of past and future damages).

Before removing this case, on January 21, 2026, Amazon's counsel asked

Plaintiff's counsel by telephone if Plaintiff is seeking damages in excess of the

$75,000 jurisdictional threshold. (Ex. C, Decl. of Counsel ¶ 3). Plaintiff's counsel

confirmed it was reasonable to conclude Plaintiff is seeking in excess of that amount

based on her medical expenses to-date of approximately $48,000, her ongoing

medical treatment, and her alleged compensatory damages for pain and suffering.

*Id*; *see Maranon v. Blazin Wings, Inc.*, No. 2:17-cv-02704-GMN-PAL, 2018 U.S.

Dist. LEXIS 246732, at *6 (D. Nev. Sep. 24, 2018) (denying motion to remand

because the amount in controversy exceeded $75,000 where discussion between

counsel revealed the plaintiff was seeking "$19,106.38 for past outstanding medical

bills; $25,622.33 for past lost wages; and $80,000.00 for pain and suffering.").

Accordingly, the amount in controversy exceeds the $75,000 threshold.

KAEMPFER

CROWELL

**C.      Removal is timely.**

This notice is timely. The Complaint was served upon Amazon on December 29, 2025, so the thirty-day clock on removal has not yet run under 28 U.S.C. § 1446(b).

## III.   VENUE AND NOTIFICATION TO STATE COURT

**A.      This Court is the appropriate venue for this action.**

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) and Local Rules IA 1-6 and IA 1-8, venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada, because this is the district and division embracing the state court where this action was filed and is pending.

**B.      Amazon is providing notice to the state court.**

A copy of this Notice of Removal is being served on all parties and filed with the Eighth Judicial District Court of Clark County, Nevada, where this case was originally filed.

**C.      Pleadings in the state court action are included.**

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Amazon in the state court action are attached. (*See* Ex. B).

KAEMPFER CROWELL

Raleigh C. Thompson, No. 11296
Ryan M. Lower, No. 9108
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

Attorneys for Defendant
Amazon Content Services, LLC

KAEMPFER

CROWELL

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that service of the **NOTICE OF REMOVAL** was made on today's date by submitting electronically for filing and service with the United States District Court for the District of Nevada through the PACER Electronic Filing System to the addressee(s) shown below:

G. DALLAS HORTON & ASSOCIATES
G. Dallas Horton
David L. Thomas
4435 South Eastern Avenue
Las Vegas, Nevada 89119

Attorneys for Plaintiff

DATED: January 28, 2026          /s/ Morganne Harrison
                                 An employee of Kaempfer Crowell

KAEMPFER

CROWELL